UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUBBARD,<br><br>           Plaintiff,<br>   v.<br><br>ALJ MR. CHRISTOPHER LARSEN OF<br>THE SOCIAL SECURITY<br>ADMINISTRATION, et al.,<br><br>           Defendants. | 1:07-cv-01225-LJO-SMS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (DOC. 1) |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and 72-303.

Pending before the Court is Plaintiff's complaint, which was filed on August 22, 2007.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails

1

to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A

frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

In the complaint, Plaintiff complains of the decision, dated September 27, 2006, of Administrative Law Judge (ALJ) Christopher Larsen, in which Plaintiff's claim for Supplemental Security Income (SSI) was denied. (Cmplt. at 2, 5-7.) Plaintiff complains about the ALJ's evaluation of evidence and also about the procedure used in adjudicating his case, in which Plaintiff appeared without counsel; Plaintiff asserts that his Due Process rights and other constitutional rights were infringed. Plaintiff

3

states that the Appeals Council denied Plaintiff's request for review on June 22, 2007. (Id. p. 9.) Plaintiff alleges that his suit is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)3), which provide for judicial review of final decisions of the Commissioner of Social Security with respect to SSI claims.

However, Plaintiff also characterizes his claim as a civil rights claim pursuant to 42 U.S.C. § 1983. (Cmplt. pp. 8-9.) Further, Plaintiff names as Defendants the ALJ as well as the Social Security Office of Disability Adjudication. Finally, the Court notes that Plaintiff has stated his complete Social Security number in the initial complaint.

II. Judicial Immunity

Plaintiff sues the ALJ who adjudicated his Social Security claim.

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 356-357, 362 (1978).

4

The scope of a judge's jurisdiction is construed broadly in the course of analysis of judicial immunity. Judicial immunity is not lost by allegations that a judge conspired with a third party, acted in error, acted maliciously, or acted in excess of his authority. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986); Stump v. Sparkman, 435 U.S. 349, 356 (1978).

The allegations of the complaint before the Court establish that the ALJ was entitled to absolute judicial immunity. Plaintiff is complaining of actions or rulings made by the judge in a case pending before him. The actions or rulings made by the judge in connection with Plaintiff's case was within the judge's jurisdiction.

Accordingly, Plaintiff has not stated a civil rights claim against the ALJ, and to the extent that Plaintiff sought to state a civil rights claim for damages against the ALJ or the Social Security Administration for the ALJ's decision, Plaintiff's claim is dismissed. Because it appears that the actions complained of were within the ALJ's subject matter jurisdiction, it is unlikely that Plaintiff could allege facts that would state a civil rights claim against the ALJ or the administration in connection with the decision of Plaintiff's SSI claim. However, leave to amend will be granted because it cannot be said with certainty that amendment would be futile.

III. Proper Defendant

Plaintiff sues the ALJ and the SSA office of disability adjudication.

5

The proper defendant in an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking the Court to review a final decision denying Social Security benefits is the Commissioner Social Security, currently Michael J. Astrue. <u>Butler v. Apfel</u>, 144 F.3d 622, 624 (9th Cir. 1998).

IV. <u>Social Security Number</u>

Local Rules of Practice of the United States District Court, Eastern District of California, Rule 8-206, provides in pertinent part:

> Complaints under Titles II, XVI, and XVIII of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), and 1395ff... shall contain the following information in addition to the matters otherwise required by the Federal Rules of Civil Procedure and Local Rules:
>
> (1) In actions involving claims for retirement, survivors, disability, health insurance and black lung benefits, the last four digits of social security number of the worker on whose wage record the application for benefits was filed (who may or may not be the plaintiff), or
>
> (2) In actions involving claims for supplemental security income benefits, the last four digits of social security number of the plaintiff.

Here, Plaintiff's full Social Security number is stated in the initial complaint. In the amended complaint, Plaintiff will have an opportunity to provide only the last four digits.

V. <u>Amendment of Complaint</u>

In summary, although Plaintiff has identified an unfavorable decision denying SSI benefits as to which he seeks judicial review, and he further has identified his claim as one involving specific procedural, constitutional, and substantive issues concerning the administrative claim and decision, Plaintiff has not named the appropriate defendant. Thus, he has not stated a

6

claim pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Further, to the extent that he sought to allege a claim pursuant to 42 U.S.C. § 1983, Plaintiff's claim was barred by judicial immunity.

Thus, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the named defendants and thus has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not

alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### VI. Request for Appointment of Counsel

Plaintiff asks that counsel be appointed so that the claim may be properly litigated. (Cmplt. p. 2.) However, because Plaintiff is not suffering any risk to his personal liberty, Plaintiff has no right to the appointment of counsel. Lassiter v. Department of Social Services of Durham County, N.C., 452 U.S. 18, 25 (1981).

The Court notes that Plaintiff is proceeding in forma pauperis. The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). However, even where a statute provides for such appointment of counsel by the Court in such circumstances, appointment is discretionary, not mandatory. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Further,

8

this court will seek volunteer counsel only in the most serious and exceptional cases. In light of the stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Terrell, 935 F.2d at 1017. The case does not appear to be particularly complex.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, the case is not exceptional. Thus, Plaintiff's request for counsel will be denied.

Accordingly, it IS ORDERED that:

1) Plaintiff's request for counsel IS DENIED without prejudice; and

2) Plaintiff's complaint IS DISMISSED with leave to amend; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:    October 11, 2007**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

9