UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUBBARD, | ) 1:07-cv-01225-LJO-SMS |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| v. | ) DISMISS PLAINTIFF'S CIVIL RIGHTS |
| | ) CLAIM, TO ORDER THAT PLAINTIFF'S |
| ALJ MR. CHRISTOPHER LARSEN OF | ) CASE PROCEED AS ONE PURSUANT TO |
| THE SOCIAL SECURITY | ) 42 U.S.C. § FOR REVIEW OF THE |
| ADMINISTRATION, et al., | ) SOCIAL SECURITY ADMINISTRATION'S |
| | ) DENIAL OF BENEFITS, TO ORDER THE |
| Defendants. | ) CLERK, PLAINTIFF, AND MARSHAL TO |
| | ) PROCEED TO EFFECT SERVICE OF THE |
| | ) COMPLAINT, AND TO ORDER THE CLERK |
| | ) TO ISSUE A SOCIAL SECURITY |
| | ) SCHEDULING ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and 72-303.

Pending before the Court is Plaintiff's first amended complaint (FAC), which was filed on November 8, 2007.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

1

thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

In the FAC, Plaintiff complains of the decision, dated September 27, 2006, of the Social Security Administration's Administrative Law Judge (ALJ) Christopher Larsen, in which Plaintiff's claim for Supplemental Security Income (SSI) was denied. (FAC at 4-6.) Plaintiff complains about the ALJ's evaluation of evidence and also about the procedure used in

3

adjudicating his case, in which Plaintiff appeared without counsel; Plaintiff asserts that his Due Process rights and other constitutional rights were infringed. Plaintiff states that the Appeals Council denied Plaintiff's request for review on June 22, 2007. (Id. p. 8.) Plaintiff alleges that his suit is brought pursuant to 42 U.S.C. §§ 405(g) and 1383, which provide for judicial review of final decisions of the Commissioner of Social Security with respect to SSI claims. (Id. at 7-8.)

However, Plaintiff also characterizes his claim as a civil rights claim pursuant to 42 U.S.C. § 1983 because of constitutional violations that Plaintiff alleges occurred within the course of the Social Security proceeding. (FAC pp. 6, 7.) Plaintiff names as the only defendants Michael J. Astrue, the Commissioner of the Social Security Administration, and the Social Security Office of Disability Adjudication.

II. Claim against Commissioner for Review of Denial of Benefits

With respect to Plaintiff's claim pursuant to 42 U.S.C. § 405(g) and 1383 for review of the SSA's denial of his claim for benefits, the Court determines that Plaintiff states a claim against the Commissioner of Social Security. The Court notes that Plaintiff will have an opportunity to raise the constitutional issues set forth in his complaint in his brief before this Court concerning his benefits claim.

Because Plaintiff is proceeding in forma pauperis, the next step with respect to his claim for review of the SSA's decision is to initiate service by directing the Clerk to issue and serve a scheduling order as is customarily done in Social Security

4

cases, and send instructions and service documents to Plaintiff to be completed and returned to the Court for forwarding to the Marshal for service on the Defendant. The Court will recommend this course with respect to Plaintiff's claim against the Commissioner.

### III. Claim pursuant to 42 U.S.C. § 1983

With respect to Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983, Plaintiff has not stated a claim for relief.

Absent an express waiver of sovereign immunity, the United States cannot be sued; naming a federal officer or employee in his or her official capacity is tantamount to a suit against the sovereign itself and cannot be maintained in the face of immunity. Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985). Specifically, actions against federal agencies or offices essentially must be brought against the United States. 28 U.S.C. §§ 1346(b), 2672. Other than remedies provided for by §§ 1346 and 2672 against the United States, other civil actions or proceedings for money damages are precluded. 28 U.S.C. § 2679.

Review of the statutory wording reveals that there is no express waiver of sovereign immunity with respect to claims pursuant to 42 U.S.C. 1983 et seq.

Further, with respect to SSA matters, 42 U.S.C. § 405(h) expressly provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331

5

or 1346 of Title 28 to recover on any claim arising under this subchapter.

This provision barring federal question jurisdiction extends to any action seeking to recover on any Social Security claim under Title II of the Social Security Act pursuant to § 405(g) irrespective of whether or not it is accompanied by a claim concerning constitutional violations or challenges. Weinberger v. Salfi, 422 U.S. 749, 762 (1975). This provision bars general federal question claims (28 U.S.C. § 1331), federal constitutional and statutory claims against the United States (28 U.S.C. § 1346(a)(2)), and claims under the Federal Tort Claims Act (28 U.S.C. § 1346(b). Geschke v. Socal Security Administration, 2007 WL 1140281, *5 (W.D.Wash 2007). It is expressly provided by statute that the final determination of the Commissioner after a hearing with respect to a Title XVI claim "shall be subject to judicial review as provided in section 405(g)" to the same extent as determinations under section 405. 42 U.S.C. § 1383(c)(3). Further, the limitations of § 405(h) apply to claims for declaratory and injunctive relief as well as for monetary benefits, and they apply even to constitutional claims. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Geschke, id. at *6. The essential inquiry in determining whether federal question jurisdiction is barred is whether or not pursuant to § 405(h) the claim arises under the Social Security Act. Heckler, 466 U.S. at 614-15. Claims that are inextricably intertwined with such claims are also barred. Id.

Here, it is clear that Plaintiff's claim arises under the Act, and any constitutional challenge is inextricably intertwined

6

with his request for review. Accordingly, the Court does not have subject matter jurisdiction over the present action.

Further, to state a claim pursuant to § 1983, the two essential elements are deprivation of a constitutional right, and conduct by a defendant acting under the color of state law. Haygood v. Younger, 769 F.2d 1350, 1353-54 (9th Cir. 1985). Here, Plaintiff cannot allege that any defendant was acting under color of state law.

It does not appear possible that Plaintiff could allege facts that would state a claim pursuant to § 1983, or any claim concerning his denial of benefits against federal defendants other than the correct party, namely, the Commissioner of Social Security. The proper defendant in an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking the Court to review a final decision denying Social Security benefits is the Commissioner Social Security. Butler v. Apfel, 144 F.3d 622, 624 (9th Cir. 1998).

IV. Recommendation

Accordingly, it IS RECOMMENDED that

1) Plaintiff's complaint against the S.S.A. Office of Disability Adjudication BE DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim or a basis for jurisdiction in this Court; and

2) Plaintiff's claim pursuant to 42 U.S.C. § 1983 BE DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim or a basis for jurisdiction in this Court; and

3) With respect to Plaintiff's claim against the Commissioner of the SSA pursuant to 42 U.S.C. §§ 405(g) and 1383,

7

1 the Court

2       a) DETERMINE that service is appropriate on the
3 Commissioner of Social Security, Michael J. Astrue, and
4       b) DIRECT THE CLERK to ISSUE A SCHEDULING ORDER
5 customarily issued in Social Security Cases, and
6       c) DIRECT THE CLERK to send Plaintiff one USM-285 form,
7 one summonses, an instruction sheet, a notice of submission of
8 documents form, an instruction sheet, and a copy of the first
9 amended complaint filed in this Court on November 8, 2007; and
10       d) DIRECT PLAINTIFF within thirty days from the date of
11 service of the Court's order TO COMPLETE the Notice of Submission
12 of Documents and submit the completed Notice to the Court with
13 the following documents:
14           1. Completed summons;
15           2.  One completed USM-285 form for each defendant
16           listed above; and
17           3. Three copies of the endorsed complaint filed in
18           this Court; and
19       e) DIRECT THE CLERK upon receipt of the documents
20 described above TO FORWARD them to the United States Marshal to
21 serve the above-named Defendant pursuant to Federal Rule of
22 Civil Procedure 4 without payment of costs; and
23       f) INFORM PLAINTIFF that Plaintiff's failure to comply
24 with this order will result in a recommendation to dismiss this
25 action for failure to obey this Court's order. Local Rule 11-110.
26     This report and recommendation is submitted to the United
27 States District Court Judge assigned to the case,pursuant to the
28 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**Dated:   December 7, 2007**

                                  /s/ Sandra M. Snyder

                                  **SANDRA M. SNYDER**

                                  **U.S. MAGISTRATE JUDGE**