UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUBBARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | 1:07-cv-01225-SMS<br><br>**ORDER TO SHOW CAUSE, <u>IN WRITING</u> <u>BY 11/17/08</u>, WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO FILE AN OPENING BRIEF AND FAILURE TO COMPLY WITH AN ORDER OF THE COURT** (Doc. 13) |

　　Plaintiff, Richard Hubbard, a state prisoner proceeding pro se and in forma pauperis, is seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, his claim for benefits under the Social Security Act. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter was reassigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment (Doc. 18).

　　On August 22, 2007, plaintiff filed his complaint (Doc. 1). On February 5, 2008, the Court issued a Scheduling Order (Doc.

1

13) directing plaintiff to file an Opening Brief ninety-five days (95) after the defendant filed the administrative record **OR** sixty-five (65) days after plaintiff served on defendant a confidential letter brief.  On July 3, 2008, defendant filed the administrative record (Doc. 19).  Thus, pursuant to the Scheduling Order, plaintiff's Opening Brief was due filed and served on or before October 8, 2008.  To date, plaintiff has neither filed an Opening Brief nor sought an extension of time within which to do so.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43 (1991).

Accordingly, it is HEREBY ORDERED:

1. That plaintiff show cause, in writing, on or before **November 17, 2008**, why this action should not be dismissed for failure to timely file an opening brief pursuant to the Court's scheduling order and for failure to obey an order of the Court.

2. If plaintiff has any reasons why this action should not be dismissed, they shall be submitted by a sworn Declaration of Facts, on or before **November 17, 2008**, to which plaintiff may append a supporting memorandum of law, to include:

    (A) an explanation of the lack of activity in this case; and,

    (B) a list of each specific step plaintiff plans to take to prosecute this case and, particularly, to proceed to file and serve an Opening Brief.

3.      Plaintiff's failure to respond to this order, timely or otherwise, will result in outright dismissal of the action.

IT IS SO ORDERED.

**Dated:     October 17, 2008                             /s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE