UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUBBARD, ) | 1:07-cv-01225-LJO-SMS |
| ) | |
| Plaintiff, ) | ORDER DISCHARGING ORDER TO SHOW |
| v. ) | CAUSE AND DENYING PLAINTIFF'S |
| ) | REQUEST FOR AN EXTENSION OF TIME |
| ALJ MR. CHRISTOPHER LARSEN OF ) | AS MOOT (DOCs. 21, 22, 23 ) |
| THE SOCIAL SECURITY ) | |
| ADMINISTRATION, et al., ) | ORDER DEEMING PLAINTIFF'S REQUEST |
| ) | FOR EXTENSION OF TIME (Doc. 23) |
| Defendants. ) | TO BE PLAINTIFF'S OPENING BRIEF |
| ) | AND DIRECTING THE CLERK TO SERVE |
| ) | THE DOCUMENT ON DEFENDANT'S |
| ) | COUNSEL |

ORDER SETTING DUE DATES FOR DEFENDANT'S BRIEF AND ANY REPLY BRIEF OF PLAINTIFF

<u>Defendant's Brief: Due in 45 Days</u>

<u>Plaintiff's Reply: Due 30 days after Defendant's brief is served on Plaintiff</u>

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and 72-303.

Pending before the Court is Plaintiff's response, filed October 31, 2008, to the Court's order of October 20, 2008, that

1

issued to Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to file a timely opening brief on October 8, 2008. Also pending is Plaintiff's request for an extension of time within which to file an opening brief, filed on November 19, 2008, and matter which Plaintiff apparently intends to have the Court consider to be Plaintiff's opening brief.

## I. Discharge of Order to Show Cause

Plaintiff explained his failure to file a timely opening brief by stating that he had sent to the Court a typed letter in which he had requested an extension of time before July 25, 2008; it is not stated precisely what deadline was requested to be extended. In another letter dated August 17, 2008, he requested information concerning the status of his case. Both letters were answered by notices which stated that the clerk could not respond in writing to inquiries, and that the Court would notify him of the actions taken in his case, including if he had not submitted a document required in his case. (Doc. 22, p. 3.)

Plaintiff's failure to file a timely opening brief is not excused by his informal correspondence with the Court. According to Plaintiff's explanation, he failed to serve on Defendant and to file with the Court a document entitled a request for an extension of time; instead, he simply wrote to the Court in letter form, and it does not appear that he specified that he sought an extension of time to file his opening brief. He thus failed to ask the Court in a recognizable, formally acceptable manner for the specific relief needed in order to avoid his being in default of his obligations as specified in the Court's scheduling order that issued on February 5, 2008.

1   Further, the Court notes that in his letter of August 17,
2 2008, received by the Court on August 21, 2008, Plaintiff asked
3 what was due, and when, following the scheduling order. The
4 scheduling order was served on Plaintiff, however, so it would
5 not appear that the inquiry was necessary.
6   Nevertheless, in view of Plaintiff's attempts to comply with
7 the Court's orders, the order to show cause that issued on
8 October 20, 2008, will be discharged.
9   II. <u>Request for an Extension of Time</u>
10   With respect to Plaintiff's motion for an extension of time
11 within which to file an opening brief, Plaintiff seeks an
12 extension until after he is paroled from prison, namely, after
13 August 29, 2009. Plaintiff states that he will be able to retain
14 an attorney then but does not have the knowledge or resources
15 competently to continue on his own. No formal motion for the
16 appointment of counsel was filed.
17    The Court will deny Plaintiff's request for an extension.
18 Plaintiff's incarceration does not constitute good cause for an
19 extension of time. Further, reference to Plaintiff's document
20 filed on November 19, 2008 (Doc. 23), shows that the second page
21 of the document, which contains contentions concerning the merits
22 of the case, is intended by Plaintiff to constitute his opening
23 brief. The Court will thus deem Plaintiff's document to be
24 Plaintiff's opening brief.
25   However, the opening brief was not served on the Defendant,
26 although all documents filed with the Court at this point in the
27 case should be served on Defendant. A court has inherent power to
28 control its docket and the disposition of its cases with economy

of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). Further, the Court has broad discretion to interpret and apply its local rules. <u>Dulange v. Dutro Construction, Inc.</u>, 183 F.3d 916, 919 n. 2 (9th Cir. 1999). In the interest of the efficient administration of justice, and in view of Plaintiff's incarceration, the Court will order the Clerk to serve a copy of Document 23, which has been deemed to be the opening brief, on Defendant's counsel along with a copy of this order.

In light of all the circumstances, including but not limited to the nature of the opening brief, Plaintiff's pro se status, and his incarceration, the Court will on its own motion grant to Defendant an extension of time within which to respond to the opening brief, and to Plaintiff an extended time within which to file a reply brief if Plaintiff chooses to file a reply.

Plaintiff IS INFORMED that if he wants to file a reply brief to Defendant's opposing brief, then he may file it no later than thirty days after the date on which Defendant serves Defendant's brief; further, he must serve the reply on Defendant by mailing a copy of it to Defendant's counsel as listed on the docket.

Accordingly, it IS ORDERED that

1) The order to show cause that issued on October 20, 2008, IS DISCHARGED; and

2) Plaintiff's request for an extension of time within which to file an opening IS DENIED as moot; and

3) The Court DEEMS the document filed by Plaintiff on November 19, 2008 (Doc. 23), which was entitled "Request for

Extension of [T]ime, Response to Show Cause, Opening Brief" to be Plaintiff's opening brief; and

4) The Clerk of the Court IS DIRECTED to serve by mail a copy of Plaintiff's opening brief (Doc. 23) on both attorneys who are serving as Defendant's counsel as listed on the docket:

```
Benjamin E. Hall
United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721

Theophous H. Reagans
Social Security Administration, Office
  of the General Counsel
333 Market Street, Suite 1500
San Francisco, California 94105
```

and

5) On the Court's own motion, the Court grants Defendant an extension of time within which to file the Defendant's brief, which is due no later than forty-five days after the date of service of this order; and

6) On the Court's own motion, the Court grants Plaintiff an extension of time within which to serve and file any reply to Defendant's brief; the reply is due no later than thirty days after the date of service of the Defendant's brief.

IT IS SO ORDERED.

**Dated:   December 17, 2008**            /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE