UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUBBARD, | ) 1:07-cv-01225-LJO-SMS |
| | ) |
| Plaintiff, | ) ORDER RULING ON DEFENDANT'S |
| v. | ) MOTION FOR CLARIFICATION (DOC. |
| | ) 25) |
| ALJ MR. CHRISTOPHER LARSEN OF | ) |
| THE SOCIAL SECURITY | ) ORDER DIRECTING DEFENDANT TO |
| ADMINISTRATION, et al., | ) RESPOND TO BOTH DOCUMENTS AND TO |
| | ) FILE DEFENDANT'S BRIEF WITHIN |
| Defendants. | ) THIRTY DAYS OF SERVICE OF THIS |
| | ) ORDER |
| | ) |
| | ) ORDER DIRECTING PLAINTIFF TO |
| | REFRAIN FROM FURTHER BRIEFING |
| | EXCEPT FOR A REPLY BRIEF THAT MAY |
| | BE FILED NO LATER THAN THIRTY |
| | DAYS AFTER THE DATE OF SERVICE OF |
| | DEFENDANT'S RESPONSIVE BRIEF ON |
| | PLAINTIFF |
| | |
| | INFORMATIONAL ORDER TO PLAINTIFF |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with a civil action in this Court seeking review of a decision of the Commissioner denying Plaintiff's application for benefits. Pursuant to 28 U.S.C. § 636(c), both parties have consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment.

On December 17, 2008, the Court discharged an order to show

1

1 cause that had issued to Plaintiff and deemed Plaintiff's
2 previously filed request for an extension of time to be
3 Plaintiff's opening brief; the Court set forth deadlines for
4 Defendant's filing of a responsive brief and the filing of any
5 reply by Plaintiff.

6     Defendant then on January 29, 2009, moved for clarification
7 and for an extension of time to file Defendant's responsive
8 brief. Pursuant to the Court's direction, Defendant ultimately
9 forwarded to the Court a copy of a document entitled "Warrant for
10 Remand," which Plaintiff apparently had served on Defendant, in
11 which Plaintiff continued to raise points concerning the merits
12 of Plaintiff's case. It was this document which prompted
13 Defendant's motion for clarification as to whether Defendant
14 should respond to the first document deemed to be Plaintiff's
15 brief, or to the "Warrant for Remand."

16     Because Plaintiff proceeds pro se, and further because there
17 has been delay in the filing of an opening brief, the Court
18 desires to facilitate Plaintiff's briefing of the case. However,
19 the Court desires to give Defendant the customary opportunity to
20 respond to an opening brief with certainty. The Court is
21 concerned that after Plaintiff had failed to file a timely
22 opening brief, and after the Court had deemed a document
23 submitted in response to an order to show cause to be Plaintiff's
24 opening brief, Plaintiff then continued to brief the merits,
25 without the Court's permission or knowledge, by sending a
26 document to Defendant.

27     In order to facilitate the ripening of this case for
28 decision, the Court DEEMS Plaintiff's brief to be comprised of

not only the earlier document deemed to be the brief, but also the "Warrant for Remand."

No later than thirty days after the date of service of this order, Defendant SHALL FILE a responsive brief to these documents, to be considered together as Plaintiff's opening brief.

If Plaintiff desires to file a reply brief in response to Defendant's responsive brief, the brief SHALL BE FILED no later than thirty days after the date of filing Defendant's brief. Plaintiff SHALL NOT SERVE AND FILE any additional briefing until after the service and filing of Defendant's brief.

Plaintiff IS INFORMED that no other briefing is permitted at this point; it is only _after_ Defendant files its responsive brief that Plaintiff may file a reply brief. The deadlines for briefing and the periodic, responsive nature of the process is designed for the convenience of the parties and the Court and for the efficient disposition of the action.

IT IS SO ORDERED.

**Dated:   February 23, 2009**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3